No. 15,472.

PEOPLE EX REL. HENDERSON *v.* GREELEY NATIONAL BANK
ET AL.
(148 P. [2d] 580)

Decided April 17, 1944.

Mr. JOHN S. STIDGER, for petitioner.

Mr. DONALD C. McCREERY, Mr. HUBERT D. WALDO JR., Mr. PAUL W. LEE, for respondents.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN original proceeding for relief as in certiorari under Rule 106 (4), Colorado Rules of Civil Procedure. William W. Henderson is relator and petitioner, and the Greeley National Bank, the District Court, sitting in and for the County of Weld, and the Honorable George H. Bradfield, judge thereof, are respondents. In response to our citation to show cause, the several respondents

have made answer, to which petitioner has submitted reply, and the matter now is at issue.

It appears that in an action recently pending in the respondent court, petitioner, as plaintiff, sought to recover from respondent bank, as defendant, damages in a sum equal to that portion of his deposits disbursed by it allegedly without authority and in violation of an oral trust. To the complaint there (amended), the bank made varying answers, some nine in number, to each of which there was a reply. On the record thus resulting, the bank, proceeding as by demurrer, moved to dismiss under the Colorado Rules of Civil Procedure, and prevailed, plaintiff suffering judgment of dismissal of his action. On review here (*Henderson v. Greeley National Bank,* 111 Colo. 365, 142 P. (2d) 480), we examined and analyzed the amended complaint and each of the several answers, and reversed the judgment. In form, our conclusion was, that, "The trial should be upon issues resulting from the allegations of the amended complaint, the first answer thereto, and the replication to that answer. If plaintiff prevails, he should be given judgment in a sum resulting from our disposition of the bank's seventh answer, with costs; if defendant is successful, it should have judgment for costs."

Within the time allowed therefor, the bank filed a petition for rehearing. The court was at pains to examine the petition, and particularly the bank's claim that plaintiff's efforts to collect from his former wife, constituted an election on his part to resort to that source, and precluded him from maintaining an action against the bank. The bank's counsel cited authorities to the effect that where, through varying circumstances, banks had mistakenly, or even with knowledge, paid a depositor's money to one not authorized to receive it, still, if the depositor proceeded originally against the one who received the money, rather than the bank, such action by the depositor constituted an election on his part, and action thereafter would not lie against the

bank. The point was not a little appealing, and its exhaustive presentation gave us pause. Our ultimate conclusion was that whatever determination properly to be reached under different circumstances, the factual situation claiming our attention was of compelling distinguishability. Henderson's controversy with his wife was not presented in an action of his initiation. He not only did not elect to do so, but in relation to the money involved did not sue her at all. In his absence from the state his wife had sued him for divorce, claiming large alimony allowances, in relation to which already she was in possession of the funds involved in Henderson's action against the bank. Defending there, he sought to repossess his funds, and to considerable extent succeeded in his efforts. *Henderson v. Henderson,* 104 Colo. 325, 90 P. (2d) 968; *Henderson v. Anderson,* 108 Colo. 529, 120 P. (2d) 195. In *Henderson v. Greeley National Bank, supra,* we required, that, if on trial Henderson prevailed, the bank should be credited with a sum in excess of four thousand dollars which Henderson, defending against his wife's suit, had caused her to refund. In considering the bank's petition for rehearing, we concluded that, in the circumstances appearing, it was Henderson's legal duty to defend against his wife's illegal foray on his funds, and that only to the extent of his success there should the bank, as a matter of law, stand absolved. In the light of that conclusion, we reexamined the concluding paragraph of our opinion, and determined that it set the course for the trial court and did not require amplification. In temperate and considerate words, void altogether of offensive implications or parade of power, we made specific mention of the pleadings in and out of which the trial court should ascertain the issues, and on which it should conduct the trial. With all respect to the distinguished trial jurist, we think a fair reading of our order should have moved him to deny the bank's application to file further pleadings.

It follows that the answers of the Court and Judge

fail to show sufficient cause for noncompliance with our mandate promulgated in *Henderson v. Greeley National Bank, supra.* In consequence whereof, respondent court will strike the amended and amending answers which it allowed to be filed subsequent to our remanding order, and at its judicial convenience proceed to the trial of the case as heretofore directed.